## A11A0748. OSBORN v. THE STATE.

(714 SE2d 406)

PHIPPS, Presiding Judge.

A Towns County jury found Edward Osborn guilty of two counts of aggravated assault, two counts of making false statements, and one count each of possession of a firearm during the commission of a felony, violation of oath by a public officer, and tampering with evidence. He appeals from the convictions and the denial of his motion for new trial, contending that the trial court erred by conducting a portion of voir dire in a church and by finding that he did not receive ineffective assistance of trial counsel. For the reasons that follow, we reverse and remand the case for a new trial.

1. Osborn contends that the trial court erred by holding a critical stage of his trial (voir dire)[1] in a church, over his objection and without the permission of the proper governing authority, in violation of OCGA § 15-6-18. The state contends that Osborn waived this argument because he did not make this specific objection at trial. We hold that the issue was preserved for review on appeal and provides grounds for reversal.

---

[1] See *Sammons v. State*, 279 Ga. 386, 387 (2) (612 SE2d 785) (2005) (voir dire is a critical stage of a defendant's criminal trial).

As to those counties that fall within its population limits,[2] OCGA § 15-6-18 (c) (1) pertinently provides:

> . . . [I]f for any cause it shall or may be impractical to hold any session or sitting of any superior or state court at the courthouse or other place provided by law therefor . . . it shall be lawful to hold court and any session or sitting thereof at such place or places *as the governing authority of the county in and for which the court is to be held may from time to time, by appropriate resolution, provide for such purpose,* provided that no session or sitting of any superior court or state court may be held under this subsection at any place that is not open to and accessible by the public; *provided, further, that no criminal jury trial shall be conducted in such alternate or additional facility without the consent of the accused.*[3]

The record shows that jury selection began in the courtroom, then, apparently due to a bomb threat, was moved to a church. Osborn objected to the relocation, arguing that it violated the constitutional requirement of separation of church and state. The trial court overruled the objection, and part of voir dire was conducted in the church.

After his conviction, Osborn asserted in his amended motion for new trial that, inter alia, the court violated OCGA § 15-6-18 by moving the proceedings to the church over his objection and without proper authorization. At the hearing on the motion for new trial, the commissioner of Towns County, who was the commissioner when the case was tried in June 2008 and at the time of the hearing on the motion,[4] testified that there were no other commissioners in Towns County, that he was the sole commissioner, that he had not authorized the change in location for the court session, and that no one else had been designated to exercise his authority. Because the county governing authority did not provide, by appropriate resolution, for court to be held at the church rather than at the courthouse, the court session did not comply with OCGA § 15-6-18 (c) (1).

---

[2] OCGA § 15-6-18 (c) (1) applies to counties having a population of not more than 50,000 according to the United States decennial census of 1990 or any future such census. The trial was conducted in June 2008. Towns County had a population of approximately 9,319 in 2000. See 2000 Census, OCGA Vol. 42A, p. 663.

[3] (Emphasis supplied.)

[4] See OCGA § 1-3-3 (7) (" 'County governing authority' means the board of county commissioners, the sole county commissioner, or the governing authority of a consolidated government.").

Moreover, in *Purvis v. State*,[5] the Supreme Court of Georgia held that

> [b]ecause OCGA § 15-6-18 (c) (1) expressly states that "no criminal jury trial shall be conducted in such alternate or additional facility without the consent of the accused," the plain language of subsection (c) (1) requires that the accused's consent be obtained in order to conduct a criminal jury trial in an alternate or additional facility. We therefore reject the [s]tate's argument that the mere absence of any objection by the accused to proceedings conducted in such alternate or additional facilities is sufficient to show compliance with OCGA § 15-6-18 (c) (1). . . . [I]n order for our appellate courts to verify that the [s]tate has complied with this statutory mandate, an accused's consent to having his or her criminal jury trial conducted in an alternate or additional facility must be established by the record.[6]

The record shows that Osborn did not consent to the court conducting part of the voir dire of his criminal trial in the church, i.e., an alternate or additional facility under OCGA § 15-6-18 (c) (1). Because the state failed to comply with the mandates of the statute, we reverse Osborn's convictions and remand the case for a new trial.[7]

2. Because this case is remanded for a new trial, we need not address Osborn's contention that trial counsel was ineffective for failing to object to the closure of a portion of voir dire and to a particular jury instruction.

*Judgment reversed and case remanded. Andrews and McFadden, JJ., concur.*

DECIDED JULY 13, 2011.

*Brian Steel*, for appellant.

*N. Stanley Gunter, District Attorney, William J. Langley, Cathy A. Cox-Brakefield, Assistant District Attorneys*, for appellee.

---

[5] 288 Ga. 865 (708 SE2d 283) (2011).

[6] Id. at 870 (2), n. 9 (citation omitted).

[7] Id. at 870 (2), n. 10.